IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02293-CMA-BNB

DONNA SNELLER,

Plaintiff,

v.

BRUCE GRAHAM,
WAYNE JEFFERY KNIGHT,
LUKE BODDY,
MITCH PERREYNI,
STEVEN PAIGE,
DIANA TAPIA,
MEGAN NYLANDER, and
Defendants 1-25 to be named as discovered,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on my Order to Show Cause [Doc. #19, filed 12/17/2010].  For the

following reasons, I respectfully RECOMMEND that this action be DISMISSED.

On November 9, 2010, the plaintiff filed a paper [Doc. #12] that was generally

incomprehensible; contained immaterial and impertinent statements; did not contain a certificate

of service on the defendants; and purported to issue an order to a judicial officer.  On

November 10, 2010, I issued an order [Doc. #14] striking the paper and informing the plaintiff

that she cannot issue an order to a judicial officer.  In addition, I ordered the plaintiff to cease

filing papers containing unintelligible, immaterial, and impertinent statements, and I ordered her

to serve all future papers on the defendants in accordance with Rule 5 of the Federal Rules of

Civil Procedure. I warned the plaintiff that failure to comply with my order could result in sanctions, including dismissal of this case.

Despite my order, the plaintiff subsequently filed a paper entitled "Suitor's One Supreme Court Supreme Article III Judicial Power of the United States Final Jurisdiction Both as to Law and Fact; Supreme Court of Record" [Doc. #17] which is filled with immaterial and impertinent statements. The following paragraph is illustrative of the eight single-spaced typewritten pages:

> I came to the United States District Court, as one of the People of the United States and as such I hold all the judicial Powers not granted to government as the 1787 Constitution states in Article III section I. Our constitution by the meaning of the very word is an organic law, the supreme law of the land, and I as one of the sovereign People of the United States, but not a citizen of the United States of America, but of the People of the United States currently living on the Organic Land of Colorado (not the STATE OF COLORADO), hold the supreme judicial Power to enact and enforce the laws of the land of my one supreme Court, made pursuant to the Constitution, to direct the courts created by Congress of the United States of America, to do the job appointed to the commissioned officers of the United States of America, correctly.

*Paper*, p. 3.

In addition, the plaintiff "orders" and "commands" a district judge to (1) "enjoin the process of fulfilling [her] Writ of Mandamus"; (2) "order the District Court Clerk to correct the Docketed Response of my Preemptory Writ of Mandamus and carry in to effect all commands of such, as ordered"; and (3) "without delay (within 10 days) from the receipt of this Writ of Error Coram Vobis, to accomplish [her] ministerial duty to [the plaintiff]." *Paper*, pp. 3, 8. Finally, the plaintiff did not certify that she served the paper on counsel for the defendants in compliance with Rule 5 of the Federal Rules of Civil Procedure.

I struck the paper and denied any relief sought. I ordered the plaintiff to show cause why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1[1] for failure to follow the Federal Rules of Civil Procedure and failure to follow orders of this court. I cautioned the plaintiff that failure to show cause on or before December 29, 2010, would result in my recommendation that this action be dismissed for failure to follow the Federal Rules of Civil Procedure and for failure to follow orders of this court.

The plaintiff filed a response to my order to show cause on December 27, 2010 [Doc. #20] (the "Response"). As with the plaintiff's other papers, the Response is generally incomprehensible and contains impertinent and immaterial statements. The plaintiff launches *ad hominem* attacks against the court and the judicial officers of the court. For example, she refers to the judicial officers of the United States District Court as "defendants" and "jealous and inferior judicial officers in need and want of exclusive authority of a Central government to serve their private interest and political needs." *Response*, p. 3.[2] She "sets aside" and "strikes" the order to show cause and states that "defendant Boland has intentionally misconstrued and created, the work of art, the artifice, an artificial entity named DONNA SNELLER in order to

---

[1] Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:
> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

[2] I refer to the page numbers of the Response as they are assigned by the court's docketing system.

unfactually hold Donna Sneller subject to exclusive Federal Jurisdiction and litigation, in violation of his own doctrine of Idem Sonans." Id.

Importantly, the plaintiff has failed to show good cause why this action should not be dismissed for failure to follow the Federal Rules of Civil Procedure and failure to follow orders of this court. Accordingly,

I respectfully RECOMMEND that this action be DISMISSED pursuant to D.C.COLO.LCivR 41.1 for failure to follow the Federal Rules of Civil Procedure and failure to follow orders of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 4, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge